UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLIFTON MASSEY, | ) |
| Petitioner, | ) ) ) |
| vs. | )   No. 1:13-cv-482-JMS-MJD |
| CRAIG HANKS, Superintendent, | ) ) ) |
| Respondent. | ) ) |

**Entry and Order Dismissing Action**

**I.**

Limited and well-defined due process procedures must be followed before good time may be taken from a prison inmate such as petitioner Clifton Massey.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

In the present action, state inmate Massey seeks a writ of habeas corpus based on his contention that the disciplinary identified as No. ISR 12-10-0136, in which Massey was found guilty of theft of state property, is tainted by constitutional error.

The pleadings and the expanded record, however, show that prison authorities adhered to each of the procedural requirements of *Wolff* and that the hearing officer's decision was supported by constitutionally sufficient "some evidence." Massey's contentions otherwise are either refuted by the expanded record or based on assertions which do not entitle him to relief. Specifically:

- Massey was notified of the charge at 8:07 a.m. on October 30, 2012. His hearing was conducted the next day. On the date of the hearing, Massey was taken from his cell at 8:00 a.m. The hearing was conducted a few minutes later. These circumstances support the possibility that the hearing was conducted before 8:07 a.m. on October 31, 2012, and hence less than 24 hours after being notified. This is unlikely, to be sure, but possible. Even if that is what occurred, Massey identifies no prejudice from this. The asserted infringement of Massey's due process right to 24 hours advanced notice of the charge before the hearing was harmless error, and because of this does not entitle Massey to relief here. *See Powell v. Coughlin,* 953 F.2d 744, 750 (2d Cir. 1991) (harmless error analysis applies to prison disciplinary proceedings).

- Massey claims that he was denied an impartial decision maker. He claims, mistakenly, that Hearing Officer Rhinehart screened him on the conduct report. In fact, her only involvement other than presiding over the hearing was to sign the Notice to Lay Advocate Form. This purely administrative step has not been shown to have compromised Officer Rhinehart's impartiality. Massey was not denied an impartial decisions maker. *Wolff,* 418 U.S. at 571 (a conduct board that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness violative of due process).

- Massey also claims that his petition should be granted because he was not given a segregation or confinement report within 24 hours, and that he was improperly segregated prior to his hearing. As to the first of these specifications, the asserted infringement is of prison policies and procedures. However, the asserted violation of prison regulations does not support habeas corpus relief. *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996). As to the second of these specifications, pre-hearing segregation does not implicate a due process interest. *Woodson v. Lack*, 865 F.2d 107, 109 (6th Cir. 1989)(pre-hearing segregation is not unlawful).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and

there was no constitutional infirmity in the proceeding which entitles Massey to the relief he seeks. Accordingly, Massey's petition for a writ of habeas corpus must be **denied** and the action **dismissed.**

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 08/19/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

CLIFTON T. MASSEY
894401
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Electronically Registered Counsel